UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XR COMMUNICATIONS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 3:22-cv-04784-WHO<br><br>**ORDER GRANTING MOTION TO STAY PENDING *INTER PARTES* REVIEW**<br><br>Re: Dkt. No. 68 |

Defendant Google LLC moves to stay this action until the completion of three *inter partes* review ("IPR") proceedings concerning both the asserted patents-in-suit. Under Civil Local Rule 7-1(b), I find this matter appropriate for resolution without oral argument and VACATE the hearing on December 7, 2022.

As I previously informed the parties, I generally prefer to stay patent cases where the Patent Trial and Appeal Board ("PTAB") has instituted IPR on the patents-in-suit. *See* Order Granting Motion to Stay Pending *Inter Partes* Review, *Synopsys, Inc. v. Siemens Indus. Software, Inc.*, No. 20-CV-04151-WHO, Dkt. No. 176 (June 7, 2022) (finding no special circumstances to justify a stay pending IPR). Plaintiff XR Communications LLC maintained, however, that there were special circumstances in this case that did not justify a stay. After reading and considering the briefing, I disagree.

Courts in this District consider three factors in deciding whether a civil action should be stayed pending IPR proceedings: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay would simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1025 (N.D. Cal. 2014). "These factors are 'general considerations that are helpful in determining whether to order

a stay,' but 'ultimately the Court must decide stay requests on a case-by-case basis.'" *Palo Alto Networks, Inc. v. Packet Intel. LLC*, No. 19-cv-02471-WHO, 2020 WL 5760475, at *1 (N.D. Cal. Sept. 28, 2020) (citation omitted).

Here, discovery is not nearly complete, a trial date has not been set, and this case is at any early enough stage to warrant a stay. *See PersonalWeb Techs.*, 69 F. Supp. at 1025. Additionally, there is little doubt that a ruling from the PTAB will simplify the issues here, given that the PTAB is reviewing both patents-in-suit and most asserted claims, so will likely to clarify or simplify many of the underlying issues in the case. *See id.* Also, XR Communications will not be unduly prejudiced by a stay because it is not at all clear the stay will confer upon Google an unfair advantage or that Google unreasonably delayed its petitions for IPRs. And, the PTAB has instituted review of the patents, which weighs in favor of granting a stay. See *Google LLC v. EcoFactor, Inc.*, No. 21-CV-03220-HSG, 2022 WL 6837715, at *4 (N.D. Cal. Oct. 11, 2022).

As a result, and in keeping with the general practice of courts in this District, I GRANT Google's motion to stay pending the resolution of the IPR proceedings.[1]

**IT IS SO ORDERED.**

Dated: December 4, 2022

William H. Orrick
United States District Judge

---

[1] Google's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, Dkt. No. 67, is GRANTED.